WILL OF GEHRING: SCHULKE, Executrix, Appellant.

*January 12—February 6, 1923.*

*Executors: Account: Interest on income not paid to person entitled: Rate of interest on trust funds: Interest not received: Degree of business judgment required: Landlord and tenant: Board of lessor and wife as part rental: Death or removal of lessor.*

1. Where the lessor and his wife were living with the lessee, their son-in-law, which was a part of the rental consideration of a lease, and after the lessor died his widow voluntarily removed from the farm, the lessee was not chargeable with additional rent merely because of such removal; and the executrix of the lessor, who was also the wife of the lessee, cannot be required to account for a greater amount than the agreed rental.

2. An executrix is properly chargeable with interest on all income which she fails to pay to a beneficiary from the date such payment should have been made.

3. It is a general rule that a trustee is bound to account for all interest or profit actually received by him out of the assets of an estate; but where no interest was actually received he is not chargeable therewith, in the absence of special circumstances to warrant such a charge, as where he makes some misuse of the funds for intended profit, or unreasonably detains them, or fails duly to invest and make the funds productive, or is guilty of negligence in collecting or accounting for them.

4. Where a testator appointed his daughter, a farmer's wife, executrix, and she secured only three per cent. interest on estate funds, which was as much as an investment in government bonds, as authorized in sec. 2100b, Stats., would have yielded, it was error for the trial court to penalize her an additional two per cent. because five per cent. could have been easily obtained in the community on safe security.

5. The executrix, who was a farmer's wife unaccustomed to business, should not be penalized if she did not use the highest degree of business judgment in the management of the estate.

APPEAL from a judgment of the county court of Outagamie county: JOHN BOTTENSEK, Judge. *Modified and affirmed.*

For the appellant the cause was submitted on the brief of *Albert H. Krugmeier* and *Fred V. Heinemann*, both of Appleton, and for the respondents on that of *Alfred C. Bosser* of Appleton.

OWEN, J. Christian F. Gehring died testate in Outagamie county on May 5, 1905. His will contained this provision:

"I give, devise, and bequeath all of estate, both real and personal, to Louis Gehring and *Minnie Schulke,* my son and daughter, as trustees thereof, they to have full control and management of the same for and during the lifetime of my wife, *Margaretha Gehring,* and to pay over to my said wife all of the income and increment of my said estate during her natural lifetime; and I will and direct that my trustees hereinbefore mentioned shall pay over the said income to my said wife at such times and such amounts as in their discretion seems best, but the aggregate income of my said estate shall be paid to her each year."

The will was duly admitted to probate on June 30, 1905, and Louis Gehring and *Minnie Schulke* were appointed executors thereof. The estate consisted of eighty acres of land appraised at $6,400 and personal property appraised at $2,656.05. *Minnie Schulke* has been in the active management of the estate, as joint executrix, since her appointment, and, as she is the appellant here, she will be referred to hereinafter as the executrix. The estate was never settled and never passed to the trustees in the latter capacity. This proceeding was instituted by the widow and life beneficiary for an accounting on the part of the executors. An account was filed, and restated by the court. The executrix appealed. She challenges four items, as restated in the account, which will be dealt with in their order.

1. Shortly before his death the testator rented his farm to his son-in-law, William Schulke, husband of the executrix, for the period of five years. In her account the executrix charged herself with $170 annual rental for the five-year period. The court charged her with $200 annual rental for such five-year period. The original lease was in writing, but had been lost or destroyed, and upon the hearing parol evidence as to its contents was received. There seems to be no doubt but that the lease provided for an annual cash rental of $170. The court found that there was also an understanding that the testator and his wife were to live with the lessees during the period of the lease. Shortly after the testator's death the widow removed from the farm and lived with another daughter. Because the lessees were thus relieved of the support of the testator and his wife, the court charged the executrix with an extra cash rental of $30 per year, for the apparent reason that their support was worth at least $30 per annum. This was error. It amounted to a rewriting of the lease and the making of a new contract. If the testator had lived he and his wife could not have voluntarily removed from the farm and demanded

any additional cash payment.   It does not appear that there was any refusal on the part of the lessee to permit testator and his wife to live with him on the premises, and there is nothing to indicate a breach of the contract on his part. The charge, therefore, of $30 per annum for the five-year period, which the court made against the executors, was unwarranted.

2. In the original inventory occurs this item: "Note of William Schulke and wife February, 1903, for $350. Interest paid to February, 1905.   Note not yet found or in possession of executrix and not admitted by William Schulke to be a claim against him and admitted by Schulke not to have been paid."   William Schulke is the husband of executrix.   The note was signed by her.   Upon the accounting she and her husband claimed that this note had been surrendered by the testator prior to his death to the makers thereof.   Upon the evidence the court found against this contention and charged her with the amount of the note. Without attempting to review the evidence we will dispose of this item by merely saying that the finding is not against the great weight or clear preponderance of the evidence. It therefore cannot be disturbed.

3. Although the terms of the will required the executrix to pay all of the income to the widow at the end of each year, she failed to do so.   The court, figuring the rental for the five-year term at $200 per annum, found a balance of $708.86 in the hands of the executrix arising from income earned by the estate but not paid over to the widow. In no year during the administration did the amount turned over to the widow equal the income of the estate.   The court charged her six per cent. interest on yearly balances which she failed to turn over pursuant to the terms of the will.   It was the unquestioned duty of the executrix to pay over to the widow at the end of each year all income received from the estate during that year.   This she failed to

do. She was properly chargeable with interest on all sums which she failed to pay to the widow from the date when such payments should have been made. *Ludington v. Patton,* 121 Wis. 649, 99 N. W. 614; 24 Corp. Jur. 504, and cases there cited.

4. William Schulke, husband of the executrix, owed the testator a note for $1,825 bearing five per cent. interest. It is claimed by the executrix that this note was paid March 13, 1913. She deposited this money in the Appleton banks, receiving therefor a certificate of deposit drawing three per cent. interest per annum. According to her own testimony this money was deposited in the name of herself and husband. She accounted for three per cent. interest on this money from March 13, 1913. With reference to this transaction the county court made the following finding:

"The court finds, and it is a matter of common knowledge, that that money could have been invested at any time in good security at the rate of five per cent. per annum interest, the rate of interest which the note itself bore. The court therefore considers that in view of the very limited income which the widow, *Margaret Gehring,* would receive from this estate, the said sum of $1,825 ought to have been kept out on good security and at a rate of interest not less than five per cent., and the court comes to this conclusion all the more readily on the fact that by the admission of the said executrix this amount was at times in the name of herself as executrix, at times in the name of William Schulke as private money, at times not in the bank at all, and the note itself during all this time was in the possession of Louis Gehring, the other executor, who surrendered it to the court on the hearing had in this matter."

Whether the court was authorized in charging her with five per cent. interest on the sum of $1,825 is not entirely clear. It is a general rule that a trustee is bound to account for all interest or profit actually received by him out of the assets of the estate, but where no interest was actually received he is not chargeable therewith in the absence of

special circumstances to warrant such a charge, as where he makes some misuse of the funds for intended profit, or unreasonably detains them, or fails duly to invest and make the funds productive, or is guilty of negligence in collecting or accounting for them.  24 Corp. Jur. 73.

In the instant case the executrix offers to account for all interest which she claims to have received.  The court charged her with a higher rate of interest because a higher rate of interest could have been easily obtained in that community upon safe security.  We have been referred to no case in which a trustee was required to account for a greater amount of interest than that actually received, where he in fact invested the funds and in some measure made them productive.  However, trustees (which term as here used includes executors and administrators) are subject to certain responsibilities in the matter of making the estate intrusted to their management productive.  Is that duty met by depositing funds in a bank at three per cent. interest? This would probably be held to be a provident disposition of the funds where they were not to remain in the hands of the trustee for any great length of time.  Undoubtedly this would not be called good business management of a small fund like this during a considerable period of time.  As indicated by the trial court, this money probably could have been invested in good security and made to yield five per cent. interest.

But it is common knowledge that executors and administrators do not always typify the highest type of business genius.  In this case the testator chose those whom he would have manage his estate.  The executrix is a farmer's wife, unaccustomed to business, and should not be penalized if she did not exercise the highest degree of business judgment in the management of the estate.  The statute (sec. 2100b) authorized her to invest this fund in government bonds.  At the time the fund came to her hands she could

Ross v. Shawano, 179 Wis. 595.

not have invested it in government bonds that would have yielded more than three per cent. There has been no time when she could have invested the fund in government bonds that would have yielded a return of five per cent.

In view of the foregoing circumstances the court was not warranted in charging her with five per cent. interest on the $1,825. We apprehend that the county judge was somewhat influenced by the fact that he was not entirely satisfied with the executrix's administration of the estate, and perhaps he was not entirely satisfied that this note was paid in 1913, in view of the fact that it was in the hands of the co-executor and by him delivered into court at the hearing. However, he made no finding that the note was not in fact paid in 1913, and we must assume that it was.

The judgment should be modified by deducting from the amount charged to the executrix the additional $30 per annum for the rent of the farm, amounting to $150, and the difference between five per cent. and three per cent. interest on the $1,825, together with a corresponding reduction of interest on the balances which the court found remaining in her hands from year to year.

*By the Court.*—The judgment is modified as indicated in the opinion and, as so modified, affirmed. The appellant to recover costs in this court.