Estate of Fish : Hrdlicka, Appellant, vs. Fish, Respondent.

*February 7—June 11, 1930.*

594

595

For the appellant there was a brief by *Loomis & Roswell* of Mauston, and oral argument by *O. S. Loomis*.

For the respondent there was a brief by *Grotophorst, Quale & Langer* of Baraboo and *N. E. Van Dyke* of Kilbourn, and oral argument by *Norman Quale*.

The following opinion was filed March 4, 1930:

OWEN, J.  The question here presented arises from the fact that the testatrix disposed of practically her entire estate in the form of specific devises and bequests, leaving an insufficient residue out of which to pay the debts and expenses. The husband insists that no part of the estate the income from which was bequeathed to him should be used for that purpose.

By sec. 312.03, Stats., it is provided that the personal estate of the deceased is to be first used for the payment of the debts and expenses.  If the personal estate be not sufficient, then resort may be had to the real estate.  By sec. 313.28 the estate, real and personal, willed to any devisee or legatee is subjected to the payment of such debts and expenses when necessary for that purpose in proportion to the amount of the several devises or legacies, "except that specific devises and legacies, and the persons to whom they shall be made, may be exempted if there shall be other sufficient estate and it shall appear to the court necessary in order to carry into effect the intention of the testator."

The lower court held that it was apparent from the face of the will that the testator intended to bequeath to her hus-

band, Luie Fish, one half of all income therein mentioned accruing after the death of the testatrix, and that in order to carry out the intention of the testatrix no part of the property giving rise to the income so bequeathed should be used for the payment of debts. It appears from the opinion filed that the rule announced in *Will of Leitsch,* 185 Wis. 257, 201 N. W. 284, to the effect "that income accruing from a trust estate intermediate the death of the testator and the vesting of the estate in the trustees belongs to the life tenant and not to the corpus of the estate, especially when no other disposition of such income is made," materially influenced the conclusion reached. It is not perceived how the rule of that case has any application here. That rule defines the rights of life tenant and remainderman. No such relation is created by the terms of this will. Neither is there any trust created except that resulting from the duty of the daughter to collect the income and to pay one half of the net proceeds thereof to the husband. In determining the question whether the intention of the testatrix will be defeated by subjecting the property from which income arises to the payment of debts, the rule of *Will of Leitsch* relied upon by the trial court affords us no assistance.

From the terms of the will it plainly appears that the daughter was the recipient of her mother's major bounty. This was in accordance with natural instincts. While it does not appear how long she and Luie Fish had been married, it does appear that he was her second husband, and there is an entire failure of any proof to indicate that he contributed to the accumulation of her estate. While she gave one half of certain incomes to her husband, she just as definitely gave the other half to her daughter. A consideration of the will reveals no intent on the part of the testatrix to prefer the husband so far as participation in this income is concerned. On the other hand, it is fairly apparent that she intended the daughter to have the major portion of the estate and that she

recognized the claims of the daughter upon her bounty as paramount to those of her husband. We find it stated in the brief for the husband that the bequest to him amounted to just a little more than one fourth of the estate. It is said that the debts and expenses amount to about $3,400. It is apparent that, if debts are paid exclusively out of bequests to the daughter, her portion of the estate will be seriously diminished, and it seems more probable that the intention of the testatrix would be defeated by such an appropriation than by subjecting all legacies to the payment of the debts in the proportion defined by the statutes.

It is quite apparent that the testatrix overlooked the fact that the specific devises and bequests made by her will did not leave a sufficient residue out of which to pay debts. This fact gives rise to a contingency which she did not have in mind at the time she made the will. Under such circumstances the statute provides that the specific legacies shall be subject to the payment of debts unless it appears that the intention of the testator would thereby be frustrated. As we can discover no intention on the part of the testatrix to prefer her husband over her daughter, or to accord to his bequests a greater sanctity or immunity than attach to the legacies to the daughter, the commands of the statute should be followed in appropriating the various parts of this estate for the payment of debts.

*By the Court.*—Order reversed, and cause remanded for further proceedings in accordance with this opinion.

The following opinion was filed June 11, 1930:

OWEN, J. (*on motion for rehearing*). Upon motion for rehearing our attention is called to the fact that the opinion is silent upon the question of whether the husband, Luie Fish, is entitled to the income bequeathed to him from the date of the death of the testatrix. We confess that our

silence upon that question was due to an oversight. It is plain from the terms of the will that the testatrix intended that Luie Fish should enjoy the income bequeathed to him from the date of her death.

In response to the suggestion that we be more specific with reference to the procedure to be followed in determining what property shall be sacrificed for the payment of debts, we will say that the property disposed of by the residuary clause should first be devoted to that purpose. Then the present value of the bequest of Luie Fish should be determined. In view of the fact that the attorney for Luie Fish has computed that to be of the value of $5,195.25, which is not challenged by the attorney for the daughter Vivian, we assume that there will be no difficulty in determining that amount. Certainly there would be no difficulty if the annual income bequeathed to Luie Fish was in the nature of a fixed annuity. A portion of the income bequeathed to him, however, is in the nature of the clear proceeds of rents after deductions for taxes and repairs are made. This is not in the nature of a fixed annuity, and if a controversy should arise because of the uncertainty of the amount of annual income bequeathed to Luie Fish, we direct that the amount of the annual income from this source be determined by taking the average income arising from the given sources for the last five years. This we think will be fair, and will afford a definite working basis by which the present value of the interest of Luie Fish in the estate may be determined. When his interest is determined, the interest of the daughter will be the difference between the value of the estate exclusive of that disposed of by the residuary clause, and the value of the interest of Luie Fish. If the computation found on page five of the brief of Luie Fish on motion for rehearing be correct, the respective interests of Luie Fish and Vivian Hrdlicka will be in the ratio of $17,733.33 to $5,195.25. We are in no position to say just what property will be disposed of to

pay the debts, but after the debts are paid the proportion of the respective interests of Luie Fish and Vivian Hrdlicka in and to the estate remaining after the debts are paid shall be preserved and shall be as above stated. Their respective interests must be sacrificed in the proportion which they bear to each other, as enjoined by sec. 313.28, Stats. The matter of accomplishing this should, preferably, be brought about by agreement between the legatees. If such an agreement cannot be reached, then the court should designate the property which should be sold in order to preserve the respective interests of the legatees in the estate.