## In re MERRILL'S WILL.

County Judge's Court, Palm Beach County.
April 24, 1957.

Marks, Gray, Yates & Conroy, Jacksonville, and Brown, Wood, Fuller, Caldwell & Ivey and Henry W. Happel, all of New York City, for the executors.

Robert L. Earnest, West Palm Beach, for the residuary trustees.

Henry F. Lilienthal, West Palm Beach, guardian ad litem for interested minors.

RICHARD P. ROBBINS, County Judge.

This cause came on before me on the petition of Sam R. Marks and Doris Merrill Magowan, executors of the estate of Charles Edward Merrill, deceased, requesting the court to construe certain provisions of the last will and testament of the deceased, which are as follows—

Article VI. If Esther King, or her sister, Laura, survives me, I give and bequeath unto my Trustees hereinafter named, the sum of Fifty Thousand Dollars ($50,000.00) cash, In Trust, Nevertheless, to hold, manage, invest and reinvest the same in accordance with the terms of this will; to collect the income therefrom, and after paying all proper charges and expenses of the administration, care and protection of the trust estate, to dispose of the net income and principal as follows:

A. To pay the net income and to pay annually, Four Thousand Dollars ($4,000.00) from the principal to Esther King so long as she shall live or until said fund is exhausted;

B. Upon the death of Esther King before the exhaustion of the fund, to pay the net income and to pay annually Four Thousand Dollars ($4,000.00) from the principal of the fund to her sister, Laura, so long as she shall live, or until said fund is exhausted;

C. Upon the death of both Esther King and her sister, Laura, before the exhaustion of the fund, to add the then remaining principal of the trust to the trusts for my grandchildren created by article XVIII hereof.

Article VII. If Marguerite Francis survives me, I give and bequeath unto my Trustees hereinafter named, the sum of Twenty-Five Thousand Dollars ($25,000.00) cash, In Trust, Nevertheless, to hold, manage, invest and reinvest the same in accordance with the terms of this will; to collect the income therefrom and, after paying all proper charges and expenses of the administration, care and protection of the trust estate, to dispose of the net income and principal as follows:

A. To pay the net income and to pay annually, Two Thousand Dollars ($2,000.00) from the principal to Marguerite Francis so long as she shall live or until said fund is exhausted;

B. Upon the death of Marguerite Francis before the exhaustion of the fund, to add the remaining principal of the trust to the trusts for my grandchildren created by Article XVIII hereof.

Article XI. I give and bequeath the sum of One Hundred Thousand Dollars ($100,000.00) to be added to the trusts for my grandchildren established by Article XVIII of this will.

Article XII. In the event my former wife Hellen I. Merrill, survives me, then in order to relieve my estate of further liability under the provisions of the agreement between us dated December 5, 1941, I give and bequeath unto my Trustees hereinafter named, the sum of One Hundred Fifty Thousand Dollars ($150,000.00) In Trust, Nevertheless, to hold, manage, invest and reinvest the same in accordance with the terms of this will; to collect the income therefrom, and, after paying all proper charges and expenses of the administration, care and protection of the trust estate, to dispose of the net income and the principal as follows:

A. During the life of Hellen I. Merrill, to pay to her out of the annual net income, and if that shall be insufficient, out of the principal of said trust, the amount that may become due by reason of the guaranty contained in said agreement dated December 5, 1941. Any balance of the annual net income not so applied during the life of Hellen I. Merrill shall be paid in equal shares to all of my grandchildren living at the time of such payment, per capita and not per stirpes; and if there be none, to my then living issue per stirpes.

B.   Upon the death of Hellen I. Merrill, to add the then remaining principal of the trust to the trusts for my grandchildren created by Article XVIII hereof.

Article XIII (b)   Provided Constance Saint survives me, I give and bequeath to my trustees the sum of Two Hundred Thousand Dollars ($200,000.00) In Trust, Nevertheless, to hold, manage, invest and reinvest the same in accordance with the terms hereof and to dispose of the income and principal as follows:

1.   During the life of the said Constance Saint, to pay the net income to her, not less often than quarterly.

2.   During the life of the said Constance Saint, or until the exhaustion of the fund, to pay from the principal of the trust such amounts as she may in writing request, beginning one (1) year after the date of my death, provided the aggregate amount of principal withdrawn in any twelve (12) months period shall not exceed Ten Thousand Dollars ($10,000.00). If during any year no payments of principal have been requested, or payments of less than the full amount shall have been requested, such amount shall not accumulate; in other words, the limits above specified for withdrawal of principal shall apply in each year regardless of the amounts permitted to be withdrawn during earlier years.

3.   On the death of Constance Saint before exhaustion of the fund, to pay the remaining principal of the trust in equal shares to the then living grandchildren of Constance Saint.

(C)   Provided Dorothy Baker Stafford (Widow of John W. Stafford) of New York City, survives me, I give and bequeath to my trustees the sum of Fifty Thousand Dollars ($50,000.00) In Trust, Nevertheless, to hold, manage, invest and reinvest the same in accordance with the terms hereof and to dispose of the income and principal as follows:

1.   During the life of the said Dorothy Baker Stafford to pay the net income to her, not less often than quarterly.

2.   During the life of the said Dorothy Baker Stafford, or until the exhaustion of the fund, to pay from the principal of the trust such amounts as she may in writing request, provided the aggregate amount of principal withdrawn during any twelve (12) months period beginning on the anniversary of my death shall not exceed Five Thousand Dollars ($5,000.00). If during any year no payments of principal have been requested, or payments of less than the full amount have been requested, such amounts shall not accumulate; in other words, the limits above specified for withdrawal of principal shall apply in each year regardless of the amounts permitted to be withdrawn but not withdrawn during earlier years.

3.   On the death of Dorothy Baker Stafford before exhaustion of the fund, to pay the remaining principal of the trust in equal shares to the then living grandchildren of Dorothy Baker Stafford.

(D)   Provided Bertha Place Ireland of Gloversville, New York, survives me, I give and bequeath to my trustees the sum of Fifty Thousand Dollars ($50,000.00) In Trust, Nevertheless, to hold, manage, invest and reinvest the same in accordance with the terms hereof and to dispose of the income and principal as follows:

1. During the life of said Bertha Place Ireland to pay the net income to her, not less often than quarterly.

2. During the life of the said Bertha Place Ireland, or until the exhaustion of the fund, to pay from the principal of the trust such amounts as she may in writing request, provided the aggregate amount of principal withdrawn during any twelve (12) months period beginning on the anniversary of my death shall not exceed Five Thousand Dollars ($5,-000.00). If during any year no payments of principal have been requested, or payments of less than the full amount have been requested, such amounts shall not accumulate; in other words, the limits above specified for withdrawal of principal shall apply in each year regardless of the amounts permitted to be withdrawn but not withdrawn during earlier years.

3. On the death of Bertha Place Ireland before exhaustion of the fund, to pay the remaining principal of the trust in equal shares to the then living grandchildren of Bertha Place Ireland.

Article XVIII.  In various portions of this, my will, I direct sums to be transferred to, or added to trusts for my grandchildren, established by Article XVIII. I hereby direct my Trustees to divide all such sums into as many equal parts as there shall be grandchildren of mine living at the time of my decease; to hold one (1) such part in trust during the life of each such grandchild; and to pay the income of each such part quarter-annually to such grandchild so long as he shall live. On the decease of any such grandchild, the trust of the part held in trust during such grandchild's life shall terminate, and the principal of such part shall be paid outright to the issue of such grandchild then living, per stirpes and not per capita; or if there be no such issue then living, to all of my great-grandchildren then living, per capita and not per stirpes; or if there be no such great-grandchildren then living, to all of my grandchildren then living, per capita and not per stirpes; or if there be no grandchildren then living, to my then living issue per stirpes.

In the event that at the time any particular sum is to be added to the trusts for my grandchildren created by this Article XVIII, one or more of the grandchildren living at the time of my death has died leaving issue him surviving, the principal of such fund shall be paid outright to such issue, per stirpes and not per capita; and if no such issue are living, the principal sum shall be added in equal parts to the trusts for those grandchildren living at the time of my death who are still living; and if none of my grandchildren living at the date of my death shall then be living, such principal sum shall then be paid to all of my great-grand-children then living, per capita and not per stirpes, or if none, to my then living issue, per stirpes.

Article XX.  At the date hereof I am both a general partner and a limited partner in the firm of Merrill Lynch, Pierce, Fenner & Beane. The partnership agreement of that firm provides that upon my death, the amount of my general capital not in excess of One Million Five Hundred Thousand Dollars ($1,500,000.00) shall be added to my limited capital and that my legal representatives shall have no right to withdraw any limited capital during the term of the partnership agreement. Whenever in this will I refer to my "limited partnership interest" or my "limited capital" in the firm of Merrill Lynch, Pierce, Fenner & Beane,

I intend such reference to mean my limited capital as it exists at the date of my death, with the addition of any general capital which, by the terms of the partnership agreement, is to be converted into limited capital. Also, I intend the reference to the firm to apply to the present firm of that name, or any successor firm or corporation, regardless of its name, in which I am a limited partner or stockholder at the date of my death.

I specifically direct that my limited partnership interest in Merrill Lynch, Pierce, Fenner & Beane, together with all profits and interest earned or accrued but unpaid on said limited partnership interest at the date of my death, shall be turned over in kind to my Residuary Trustees, acting under Section 1 of Article XXI hereof; further, that in liquidating assets to pay debts, taxes and bequests, my Executors shall first liquidate other assets of my estate, and shall not liquidate any part of my limited partnership interest. I direct that this limited partnership interest be retained by my Residuary Trustees if it is possible to do so, for a period of five (5) years from the date of my death; I authorize that it be retained indefinitely, and I express my sincere wish, circumstances permitting, that it be retained for at least ten (10) years from the date of my death. I am confident that this interest will, over a period of years, be a desirable investment, and I specifically direct that neither my executors nor my residuary trustees, nor any fiduciary hereunder, shall in any event be surcharged or criticized for any loss that may arise by retention of this interest or for any other action they may take in good faith in regard to such interest, including any change in the form thereof and the ultimate liquidation thereof, or for any dealings they may have with said firm, regardless of the fact that my fiduciaries, or any of them, may be members of said firm or otherwise associated therewith. When I refer to "this interest", I do not mean to limit the authority to the interest as it is constituted at the date of my death, or at any other date; I recognize that changes in personnel, percentages, name, form of organization, and other arrangements may be desirable from time to time, and I give all persons having to deal with said interest the fullest authority and latitude to make such changes as they deem advisable to carry out my intention and purpose. I direct that all interest and profits accruing from and after the date of my death on my limited partnership interest in Merrill Lynch, Pierce, Fenner & Beane, shall be forwith distributed to my Residuary Trustees acting under Section 1 of Article XXI hereof.

The sums of money, aggregating about $625,000, bequeathed in the foregoing articles of the will are to be paid by the executors to the intermediate trustees named in said will to be held and administered accordingly, while the residue and remainder of the estate will pass to the residuary trustees.

The executors set forth in their petition that doubt exists with respect to the allocation of estate income that has been and will continue to be received by them during the administration of the estate as to whether any, and if so what portion, of income shall be allocated to the intermediate trustees, or whether the entire net income shall be allocated to the residuary trustees.

It is contended by the executors that the rule deduced by them from the general law coincides with their interpretation of the provisions of section 733.01, Florida Statutes 1955, which is, that all net income from the date of decedent's death to the date of distribution must be apportioned and distributed between the intermediate trustees and their beneficiaries, on the one part, and the residuary trustees and their beneficiaries, on the other part, in the proportion that the aggregate value of the legacies of beneficiaries under the intermediate trusts bear to the value of the entire probate estate, as determined for tax purposes, excluding specific and demonstrative legacies and devises. But in the absence of some authoritative Florida decision, that rule is not sufficiently established to enable them to safely act thereon.

The questions to be decided are more specifically stated by the petitioners substantially as follows—

(a) Whether the trust beneficiaries referred to in the articles of the will heretofore quoted are entitled to participate in estate income and, if so, to what extent, and the shares, distributions and amounts which they, respectively, are entitled to receive; and

(b) Whether the residuary trustees are entitled to all or only a portion of the estate income prior to distribution, and if only a portion the extent of such portion.

It appears to the court from the estate file and exhibits in the record that all interested parties have been duly notified of the hearing on said petition held before the court on March 29, 1957, and have participated therein through counsel of their selection, including the guardian ad litem appointed by the court to represent the interested minors, and the court has heard the argument of counsel and considered the able briefs filed herein by them.

The court quotes with approval the following excerpts from petitioners' brief on the facts and the law governing the questions presented for determination—

> The position of the executors is to the effect that the intermediate trusts are entitled to their pro-rata share of income from the death of decedent.
>
> Section 733.01 provides—
>
>> (2) The net income earned by the assets of the estate after the death of the testator, and prior to the distribution of the estate, and not used for the purposes set forth in subsection (1) above shall in the absence of specific provision in the will to the contrary be paid and applied as follows:
>>
>> (a) ***

(b) To general legatees, legal interest on their respective legacies from the time fixed by the county judge in an order of distribution for the payment thereof, or if no date is fixed by the county judge, from and after thirty days from the entry of such order of distribution, **except that where the general legacy provides that the net income therefrom shall be paid to or for the benefit of or accumulated for one or more beneficiaries, then such general legatee or legatees shall be entitled to that proportion of the net income which the general legacy at appraised value bears to the appraised value of the entire probate estate, excluding specific and demonstrative legacies and devises, provided, however, that the appraised value shall be the court appraisal unless a United States estate tax return is required to be filed, in which event the appraised value shall be the value finally determined for such tax purposes.** (Emphasis supplied)

(c) \*\*\*

(3) **If any part of the estate is bequeathed or devised to a trustee the proportion of the net income applied to such bequest or devise shall be paid by the executor to such trustee and shall be held and distributed by the trustee as income.** (Emphasis supplied)

The Florida statute seems only declaratory of the general and common law. Each legacy given in trust to the intermediate trust beneficiaries gives a lump sum to the trustee with directions "to hold, manage, invest and re-invest the same in accordance with the terms of this will; to collect the income therefrom and, \*\*\*" "to dispose of the net income and principal as follows: A. To pay the net income and to pay annually, \*\*\* from the principal \*\*\* so long as she shall live or until said fund is exhausted;"

"The great weight of authority" and the "well nigh universal" authority holds that where income on a certain amount is bequeathed, the legatee is entitled to income from the date of death of the testator. Such is the language of the Florida statute.

Section 733.01 (3) specifically covering a bequest to a trustee provides "the proportion of the net income *applied* to such bequest" shall be paid to the trustee, who shall distribute it as income. This subsection does not prescribe any new test as to when income shall follow a legacy, but the word "applied" obviously refers back to the preceding paragraphs. In other words the bequest being to a trustee rather than to an individual beneficiary of the income from a specific fund makes no difference, except that the income to which the beneficiary is entitled is paid to his trustee and is disbursed by the trustee to him.

The applicable rule is stated in the Restatement of the Law of Trusts, section 234, p. 693 as follows—

c. **General pecuniary legacy.** Where a general pecuniary legacy is given outright, the legatee, unless it is otherwise provided by the will, is not entitled to any interest or other return from the date of the death of the testator prior to the expiration of the period of administration, which in most States is the period of one year from the date of the testator's death, although he is entitled to interest at the legal rate thereafter. **Where, however,**

by the will an income of a certain amount or income on a certain amount is bequeathed, the legatee of the income is entitled to income from the date of the death of the testator, unless it is otherwise provided in the will. This rule is applicable to pecuniary legacies in trust for successive beneficiaries. Thus, if the subject matter of the trust is a designated sum of money, the trustee is entitled to receive from the executor not only the designated sum but income thereon at the rate of return received by the executor upon the whole estate from the date of the death of the testator, and such income is payable by the trustee to the beneficiary entitled to income. For example, if during the period of administration and before the payment of the legacy to the trustee the executor receives a return of 5 per cent upon the whole estate in his hands, he is under a duty to pay the trustee the amount of the legacy with interest at 5 per cent, and this interest is payable by the trustee to the beneficiary entitled to income. The result is the same where the same person is executor and trustee.

**Illustration:**

2. A bequeaths $100,000 to B in trust to pay the income to C for life and on C's death to pay the principal to D. During the year after the death of the testator the executor receives interest upon the whole estate at the rate of 5 per cent. At the expiration of the year the executor of A's estate pays B $100,000 and $5,000 interest. C is entitled to this interest. (Emphasis supplied.)

In 116 A.L.R. at page 1130 the annotator states the following—

**II.   The general rule as to specific legacies and devises.**

Preliminary to a discussion of the question under annotation, it may be observed that general legacies are not payable immediately upon the death of the testator, and the executor has ordinarily, by statute or general usage, one year to pay them, so that interest on such legacies begins to run from the conclusion of one year from the death of the testator.

On the other hand, specific legacies or devises are severed from the general estate of the testator immediately upon his death, and, in the absence of any provision to the contrary in the will, they become payable at the death of the testator. Consequently, according to the rule almost universally recognized by the courts, in the absence of a contrary intention in the will, such legacies or devises carry with them to the specific legatee or devise any interest, dividends, rents, profits, or accretions, not otherwise disposed of by the will, that may have accrued on them from the death of the testator until the actual satisfaction of the legacy or devise; and such interest, dividends, etc., do not become a part of the general or the residuary estate of the testator. This general principle is either recognized or applied in the following cases: (citing numerous cases).

In First National Bank & Trust Co. v. Baker, 124 Conn. 577, 1 Atl. 2d 283, 118 A.L.R. 339, the court stated in substance, that the usual rule was that where a fund is given in trust with the income to be paid to a beneficiary, the trust receives income from the death of the testator. The reason is that the income is the very thing that is bequeathed. In the captioned case the decedent created certain trusts with the income

to be paid to named beneficiaries and by codicil created two additional trusts with the income to be paid to life beneficiaries with the remainder to pass under the residuary clause of the will. The testator directed that 5 per cent interest be paid during the settlement of the estate as to the legacies in the will but there was no such direction as to the trusts created by the codicil. In stating the rule, the court said—

> The provisions for the two trusts established in the fourth codicil created life uses in the beneficiaries named. The usual rule is that where a fund is given in trust, the income to be paid to the beneficiary, he is entitled to income earned by it from the testator's death during the settlement of the estate, and if the fund has not been separated from the corpus of the estate the average rate of income earned by the personal estate as a whole will be treated as the rate earned on the trust fund.

The case of Re Will of W. C. Leitsch, Deceased, 185 Wis. 257, 201 N.W. 284, 37 A.L.R. 547, was a proceeding in the county court to construe the decedent's will with respect to the right of the life tenant to income from the date of the testator's death. After making certain specific bequests the will gave "the use and income" of the remainder of his estate to certain life beneficiaries and the survivor of them with the remainder absolutely to certain nieces and nephews, with the direction that this part of his estate be held in trust. In holding the life tenants were entitled to income from the death of the testator the court said—

> In the American Law of Administration, by Woerner, 3d ed., p. 1573, the rule is thus stated—"But where the residuum, or the interest thereon, is given for life to one, remainder to another, and no time is mentioned for the beginning of the interest or enjoyment, the legatee for life is entitled to interest from the testator's death, although not ascertainable until a subsequent time."

> And in Perry on Trusts & Trustees, 6th ed., vol. 2, §550, note (a), it is said—"The general rule is now well established that when a property is devised or bequeathed in trust to pay the income to a person for life or for a limited time, he is entitled to either actual or equitable income from the date of the testator's death, unless the testator has indicated an intention that the enjoyment of income shall not begin until some later date."

> Ample authority is cited to support these texts. A review thereof seems unnecessary, as an extensive examination leads us to the conclusion that the rule thus stated is supported by well nigh universal authority. The reason for this rule is frequently declared to be that the life tenant ranks first in the consideration of the testator, and a contrary construction would take from the life tenant a portion of the income, add it to the corpus and thus at the expense of the life tenant swell the estate of the remainderman, who, presumably, stands second to the life tenant in the consideration of the testator. This is especially true where no other disposition is made of the income arising from the corpus of the estate subsequent to the death of the testator.

The only Florida case we find bearing on the subject is In re McDougald's Estate, 149 Fla. 468, 6 So. 2d 274, which clearly recognizes the rule the executors contend is applicable here but would not apply it in

that case because it clearly appeared that the bequest of corporate stock was a general bequest and would not carry with it any dividends.

It is clear to us from the entire will of the decedent that Mr. Merrill intended income to the intermediate trusts and in turn to their respective beneficiaries to start at once. This is emphasized when we consider that these legacies of income are for the support of women and children—presumably persons in need of support during the time of administration.

SPECIFIC BEQUEST UNDER ARTICLE XX OF INTERESTS IN MERRILL LYNCH, PIERCE, FENNER & BEANE TO RESIDUARY TRUSTEES ACTING UNDER ARTICLE XXI

The allocation of income rule contended above to be applicable to the intermediate trusts obviously is not applicable to the specific bequest of the decedent's limited partnership interest in his brokerage firm because article XX of decedent's will clearly spells out that such specific bequest with the profits and interest earned or accrued to the date of his death as well as all interests and profits on such limited partnership interest from and after decedent's death shall be distributed forthwith to the residuary trustees acting under article XXI of the will. This provision is so clear that no construction of its meaning is necessary; nor need we resort to section 733.01 (2) (a) under which the net income from property specifically bequeathed inures to the specific legatee.

To summarize, it appears the net income of the estate subsequent to the death of the decedent should be allocated as follows:

1. The decedent's interest in Merrill Lynch, Pierce, Fenner & Beane, together with all interests and profits earned or accrued prior to his death and all interests and profits earned subsequent to his death should be paid to the residuary trustees acting under article XXI and should be excluded from the estate for the purpose of determining the value of the estate and allocating its net income as stated in the next paragraph (section 733.01 (2) (b).

2. The net income of the estate subsequent to decedent's death exclusive of the specific bequest and the income therefrom in paragraph 1 above, should be allocated to each of the intermediate trusts and to the residuary trusts in accord with the proportion that the value of each such trust bears to the value of the entire estate, excluding the specific legacy in paragraph 1 above.

It is the finding of the court and the executors are instructed—

1. That said residuary trust and its trustees are entitled to receive and be paid all the interest and profits accruing from and after the date of decedent's death on his limited partnership interest in the firm of Merrill Lynch, Pierce, Fenner & Beane, and said intermediate trusts and their trustees are not entitled to participate therein to any extent or in any respect.

2. That, as to all other such net income, the intermediate trusts and their trustees are entitled to share and participate with the residuary trust and its trustees on the basis and in the propor-

tion which the properties of such trusts, at their appraised value, bear to the appraised value of the entire probate estate, excluding specific and demonstrative legacies and devises.

3. The executors of this estate shall in due time apportion and distribute the net income of the estate pursuant to and in conformity with the directions and instructions herein given.