[L. A. No. 3813.  Department Two.—May 16, 1917.]

JOHN W. WILSON, Trustee, etc., Respondent, v. C. C. CALKINS et al., Appellants.

MORTGAGE—RECEIPT OF CONSIDERATION BY MORTGAGORS—EVIDENCE.—
In this action to foreclose a mortgage securing a promissory note, the evidence is held sufficient to show that the defendants actually received the consideration for which the note was given.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Waterman & Green, for Appellants.

Shankland & Chandler, for Respondent.

HENSHAW, J.—In 1908 the defendants delivered to the Columbia Trust Company (which afterward by change in cor-

porate name became the Oil and Metals Bank and Trust Company) their promissory note for $3,750 for the purchase of thirty shares of the stock of the Trust Company. Thereafter, and while a renewal note for this indebtedness was held by the Trust Company, the defendants executed a new note to the company for the sum of eight hundred dollars, and at the same time executed a mortgage in form a deed absolute to certain real property which they owned. They covenanted that the mortgaged property should also be security "for any and all other debts or claims held against the promisors by said company which may be outstanding and unpaid at any time." The Oil and Metals Bank and Trust Company, successor to the Columbia Trust Company, became financially involved. John W. Wilson was made trustee for purposes of liquidation. The defendants' obligations and the security were transferred to him. He brought this action to foreclose the mortgage under pleadings declaring the mortgage to be security for the debts evidenced by both promissory notes. The defendants answered, admitting that it was security for the eight hundred dollar note, but denying that it was security for the note given by them in payment of the stock of the Trust Company, which of course had become of greatly depreciated or of no value.

The court found a delivery to and receipt by defendants of the thirty shares of the stock of the Trust Company for which their note was given. The one question argued upon this appeal goes to the insufficiency of the evidence to sustain this finding, the defendants testifying that they never received the stock. The testimony in support of the finding, however, shows that the thirty shares of stock were actually issued to the defendants, and the stub of the certificate in the stockbook shows a receipt for it by defendant C. C. Calkins. The former president testifies that the stock was actually delivered to defendant Calkins, that he had possession of it, and that because of his indebtedness to the bank it was permitted to remain in the custody of the bank, apparently for purposes of security; but that Mr. Calkins recognized his ownership of the stock by giving proxies authorizing the voting of it at stockholders' meetings on more than one occasion.

The judgment appealed from is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.