## Estate of Lyons.

*February 14—March 11, 1924.*

*Wills: Construction: Direction to trustee to pay income: Discretion as to corpus: Construction of will by court: Jurisdiction: Allowance to widow: When terminated.*

1. A court having jurisdiction to enter a final decree has jurisdiction to construe a will admitted to probate without giving the notice required by sec. 3791a, Stats., when a petition shall be filed for construction of a will, said section having reference to a construction in the course of the administration proceedings and prior to the final decree.   p. 279.

2. A clause in a will directing the testator's brother and wife, as trustees of the residue of his estate, "after paying taxes," etc., "to pay over the net income" to the wife "during her life," does not entitle the wife to income accruing subsequent to testator's death and before the trustees received the residue, as the income during such period is to be added to the *corpus* of the estate; the direction to pay being addressed to the trustees rather than to the executor.   p. 280.

3. The direction to pay the income therefrom to the widow for life, "and if, in their discretion, a greater sum may be necessary or desirable for her comfort and enjoyment," to pay such further sums "from the capital, as they may deem desirable," vested such trustees with the exclusive power to determine whether the widow should receive anything from the *corpus* of the estate.   p. 280.

4. Under sub. (2), sec. 3935, Stats., providing such reasonable allowance for the support of testator's family during the settlement of the estate as the county judge deems necessary, the power of the court to grant such allowance to the widow terminated when she received all the specific bequests in her favor; and an order granting her $175 per month thereafter, pending an appeal by her co-executor, was improper.   p. 281.

Appeal from a judgment of the county court of Fond du Lac county: A. E. Richter, Judge.   *Reversed, with directions.*

Edward H. Lyons died January 16, 1920.   He left a will by which he bequeathed to his wife, *Mary F. Lyons*, his automobile, all household furniture, pictures, stores, household

goods and effects, and life insurance amounting to $11,000. To two sisters-in-law, each $2,000. The remainder of his estate was devised and bequeathed to his wife, *Mary F. Lyons,* and his brother, *Thomas E. Lyons,* in trust, "to hold, manage and invest the same, and to keep the same safely and securely invested, and to collect and receive the rents, interest and income therefrom, and after paying taxes, insurance, and all other charges, to pay over the net income to my wife, *Mary Lyons,* during her life; and if in their discretion a greater sum than the net income should be deemed necessary or desirable for her comfort and enjoyment, then to pay her such further sum or sums from the capital of my estate as they may deem necessary or desirable for the purpose."

The will was admitted to probate March 2, 1920, and testator's wife, *Mary Lyons,* and his brother, *Thomas E. Lyons,* who were named as executors in the will, duly qualified as such. Shortly thereafter the wife and widow filed claims against the estate amounting to over $25,000. These claims were objected to by the guardian *ad litem* and co-executor, but, after negotiation, they were compromised by the parties and allowed by the court at the sum of $13,326.25. She was paid the life insurance of $11,000 and an allowance of $400 per month for her maintenance for a period of one year. In due course, and on the 27th day of December, 1922, the county court made and entered what is termed an amended final judgment, in which it was among other things adjudged as follows: (1) that the executors pay to *Mary F. Lyons,* widow of said deceased, the net income of said estate that accrued from the time of the death of said E. H. Lyons to November 1, 1922, to wit, the sum of $2,148.95 as computed herein; (2) that the amount of $4,800, paid to the widow for her maintenance, be charged to the *corpus* of the estate and not to the income thereof, because all of the net income of said estate under

such will belongs to the widow.   The court then assigned the residue of the estate to the trustees with the following directions:

"And the court hereby orders said trustees to pay to her [the widow] from the *corpus* of the estate, irrespective of any private means or income she may have of her own, a sufficient amount necessary or desirable for her comfort and enjoyment; so that if the income of said estate is not sufficient, the *corpus* of said estate shall bear the expense for the purpose above named during her life."

*Thomas E. Lyons,* the co-executor, excepted to and appealed from the foregoing provisions of the said amended final decree.   After the appeal was taken, the county court made and entered an order granting to the widow an allowance of $175 per month out of the estate for her maintenance and support pending the appeal.   *Thomas E. Lyons,* the co-executor, and the guardian *ad litem* of certain beneficiaries, appealed from that order.

For the appellant there was a brief by *Sutherland, Hughes & Sutherland* of Fond du Lac, and oral argument by *D. D. Sutherland.*

*Ida E. Luick* of Milwaukee, for the respondent.

OWEN, J.   The first question which we shall consider is whether the widow is entitled to the income of the estate accruing subsequent to the date of the death of the testator. This is to be determined from the provisions of the will, for if she is entitled to such income it must be because the will so provides.   The only provision of the will which vests the widow with any right to income of the estate is the trust provision quoted in the statement of facts, by which the residue of the estate is devised to trustees, who are directed, "after paying taxes, insurance, and all other charges, to pay over the net income to my wife, *Mary Lyons,* during her life."   It will be noted that the direction is to the trustees, not to the executors of his estate.   The income to which she is

entitled does not begin to accrue until the estate is assigned to the trustees. It was evidently the intention of the testator that while his estate was in the hands of his executors it was to be administered in the usual manner, and upon the conclusion of the administration to be assigned as directed by the will. Whatever income accrued during such time was to be added to the *corpus* and assigned to the trustees. The income arising from the estate while under the management and control of the trustees was to be paid to the widow during her life. We can discover no intention on the part of the testator to give to the widow the income arising from the estate prior to the time when the residue thereof shall have come into the hands of the trustees. The portion of the final decree awarding to the widow the income from the estate arising from the death of the testator was therefore erroneous.

The next question is whether it was proper for the court in the final decree to order the trustees to pay to the widow "from the *corpus* of the estate, irrespective of any private means or income she may have of her own, a sufficient amount necessary or desirable for her comfort and enjoyment; so that if the income of said estate is not sufficient, the *corpus* of said estate shall bear the expense for the purpose above named during her life." It is contended by the appellants that the court had no jurisdiction or authority to construe the will in the absence of certain notices required by sec. 3791a, Stats., "whenever a petition shall be filed for the construction of a will admitted to probate." This provision of the statute has no application to the construction of a will by the final decree. The court cannot assign the estate without construing the will. If it has jurisdiction to enter a final decree it has jurisdiction to construe the will. Sec. 3791a refers to petitions for the construction of wills in the course of the administration proceedings and prior to the final decree. But while we conclude that the court had jurisdiction to construe the will without such notices, the

question further remains whether it was correctly construed in the particular mentioned.

It will be noted that the will plainly gives to the widow the income of the estate after it comes into the hands of the trustees. That she should have this without any reservation is apparent. The testator evidently thought that circumstances might arise when the income of the estate would be insufficient for her comfort and enjoyment. For this contingency he made special provision. He provided that if "in their [the trustees'] discretion a greater sum than the net income should be deemed necessary or desirable for her comfort and enjoyment, then to pay her such further sum or sums from the capital of my estate as they may deem necessary or desirable for the purpose." It seems too plain for argument that whether the widow should receive anything beyond the income from the estate was a matter left wholly and entirely to the discretion of the trustees and to the discretion of no one else. As the testator laid down no rules by which this discretion was to be exercised, it is not apparent how a court may assume to do so. He made the widow and his brother his trustees. He evidently reposed the utmost confidence in his brother to deal fairly with his widow,—very likely feeling that his brother would be as considerate of her comfort and welfare as he himself would be. He made no reservation, attached no limitation, and prescribed no rule or condition to govern the trustees in the exercise of their discretion. In view of the unqualified discretion thus vested, a court should not assume to lay down a rule for its exercise.

In view of our holding that the widow is not entitled to the income of the estate from the date of the death of the testator, it is not necessary for us to consider whether certain profits arising from the sale of Liberty bonds and bank stock constitute income, or whether the court erred in ordering the $4,800 allowance for the maintenance of the widow

to be charged against *corpus,* as all such income is but an accretion to the *corpus* of the estate.

We now come to a consideration of the question whether it was competent for the court to allow the widow $175 per month for her maintenance and support pending this appeal. The authority of the court in this respect is referable to sub. (2), sec. 3935, Stats., which provides:

"The widow and minor children, or either, constituting the family of the deceased testator or intestate, shall have such reasonable allowance out of the personal estate or the income of the real estate of the deceased as the county court shall judge necessary for their maintenance during the progress of the settlement of the estate, but never for a longer period than until their shares shall be assigned to them, and in case of an insolvent estate not longer than one year after granting letters testamentary or of administration."

That the widow has received all of the specific bequests made to her by the will is not disputed. She has received the life insurance, the automobile, and other articles of personal property bequeathed. Under such circumstances it is plain that the power of the court to grant her an allowance for her maintenance and support out of the estate has terminated, and the order must be reversed.

*By the Court.*—The order granting the widow an allowance of $175 per month for her maintenance and support pending this appeal is reversed. The final decree appealed from is reversed, and cause remanded with instructions to enter a final decree in accordance with this opinion.