ESTATE OF ALLIS: FIRST WISCONSIN TRUST COMPANY, Executor and trustee, Appellant, vs. KUDER and another, Respondents.

*November 14—December 9, 1924.*

*Wills: Trust estates: Income arising intermediate the death of testator and the vesting of the estate.*

The question as to whether a life tenant is entitled to the income arising from an estate subsequent to the death of the testator is discussed and settled in *Will of Leitsch,* which was argued with this case, and is decided herewith (*ante,* p. 257).

APPEAL from a judgment of the county court of Milwaukee county: M. S. SHERIDAN, Judge. *Reversed.*

For the appellant there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Jackson B. Kemper,* of counsel, all of Milwaukee, and oral argument by *Jackson B. Kemper.*

For the respondent *Kuder* there was a brief by *Fawsett, Smart & Shea* of Milwaukee.

*Joseph H. Marshutz* of Milwaukee, as guardian *ad litem.*

OWEN, J. This case comes here upon the appeal of the executor of the will of Mary S. Allis, deceased, from a judgment of the county court of Milwaukee county construing the will of said Mary S. Allis, deceased, and declaring the true construction thereof to be that the life tenant is not

entitled to any part of the income of the residuary estate received or to be received by said executor from any part of the assets of said estate in his hands as executor, but that such income so received is to be added to and become a part of the *corpus* of said estate. In entering said judgment the county judge relied upon the decision of this court in *Estate of Lyons,* 183 Wis. 276, 197 N. W. 710.

This case was argued with the case entitled *Will of Leitsch,* decided herewith (*ante,* p. 257, 201 N. W. 284). The opinion in that case discusses and settles the question here presented as to whether the life tenant is entitled to the income of the estate from the date of the death of the testator, it being there held that under language such as employed in the will of the deceased (which it is not necessary to recite) the life tenant is entitled to the income arising from the estate subsequent to the death of the testator.

It therefore follows that the judgment appealed from should be reversed, and the cause remanded with directions to enter judgment declaring the true meaning and construction of the will to be that the life tenant is entitled to the income of the residuary estate from and after the date of the death of the testator.

*By the Court.*—So ordered.