WILL OF ADAMS: FIRST WISCONSIN TRUST COMPANY, Trustee, vs. COMSTOCK and others.

*November 14—December 9, 1924.*

*Wills: Trust estates: Net income intermediate the death of testator and the vesting of trust estate: Availability to pay legacies: When legacies payable.*

1. The net income of an estate accruing after the death of the testator is not *corpus* or additions to *corpus,* but should apply towards paying annuities provided for by the will. p. 269.

2. Annuities disposed of by will take effect and are payable from the date of the death of the testator, and not merely from the time of the delivery of the trust estate to the trustee.  p. 270.

APPEAL from a judgment of the county court of Milwaukee county: JOHN C. KAREL, Judge. *Reversed.*

For the appellant there was a brief by *Olwell & Brady* of Milwaukee, and oral argument by *B. V. Brady.*

OWEN, J.   The *First Wisconsin Trust Company* was constituted trustee under the will of Francis F. Adams, deceased.  Upon receipt of the trust property from the executor it filed an inventory with the court showing that certain moneys coming into its hands represented income earned by the estate subsequent to the death of the testator.  The trustee petitioned the court as to whether such income should be applied to the payment of the annuities disposed of in the last will and testament of said testator and from what date payment of said annuities should begin.  The county judge relied upon the decision of this court in *Estate of Lyons,* 183 Wis. 276, 197 N. W. 710, and provided, as a part of the final decree, that the trustee should apply or treat the net income of the estate earned or accruing from the date of death of the testator to the date of receipt thereof by such trustee from the executor, as *corpus* or additions to *corpus,* and shall pay or distribute the net income of said estate only as from and after and only out of income earned or accruing from and after the date of the receipt of the aforesaid property and estate by the said trustee from the said executor; and that the annuities disposed of in the last will and testament of said deceased take effect and are payable only from and after the delivery of the trust estate to the trustee. From this portion of the final decree the trustee appealed.

This case was argued with the case entitled *Will of Leitsch,* decided herewith (*ante,* p. 257, 201 N. W. 284), and the question here presented is fully discussed and settled in the opinion filed in that case.   It follows that the court erred

in directing the trustee to treat the net income of the estate earned or accruing from the date of death of testator to the date of receipt thereof by such trustee from the executor, as *corpus* or additions to *corpus*.   It also follows that the annuities disposed of in the last will and testament of said deceased take effect and are payable from the date of the death of the deceased.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with instructions to enter judgment in conformity with this opinion.