Only the real estate affected by the will of William E. Shepard, and none of the personal property, is involved in this appeal. The question is whether the widow, who is now dead, took a life estate only. or fee-simple title. If the former, the judgment should be affirmed; if the latter, it should be reversed. No other statement of facts is necessary. Omitting immaterial portions, the will is as follows:
"1. I direct that all my just debts and funeral expenses be paid out of my personal property as soon as convenient after my decease.
"2. I hereby give and bequeath to my wife Elvira Shepard all the following property, to wit: All my real and personal property except as hereinafter otherwise willed by this instrument and $1.000 in a certain insurance policy as per the conditions thereof. All of said personal property to be sold by her and the proceeds invested for her benefit until her death, and she shall have the right to sell the real property if she so desires and apply said proceeds as in the case of the personal property, and all other property, if any, not given and bequeathed to my son and daughter hereinafter named.
"3. I also give and bequeath to my son William Shepard all farm machinery now *Page 92 
on my place and $500 of a certain insurance policy as per the conditions thereof.
"4. I also give and bequeath to my daughter Sadie J. Pruett all the following property, to wit: two steer calves now on my place and $500 of a certain insurance policy as per the conditions thereof.
"I hereby nominate, constitute and appoint Elvira Shepard of Logan, Okla., my wife sole executor of this my last will and testament, without bond."
The plaintiff in error, surviving second husband of Elvira Shepard, contending that the widow took a fee-simple title in the real estate, relies principally upon the following sections of the 1931 Statutes: Section 9698, providing that every estate in land which shall be granted, conveyed or devised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words; section 1584, declaring that a clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other words not equally clear and distinct, or by inference or argument from other parts of the will, or by an inaccurate recital of or reference to its contents in another part of the will.
The defendants in error, children of testator, contending that the widow took only a life estate in the real property, rely principally upon section 1579, O. S. 1931, which provides that a will is to be construed according to the intention of the testator, and that where his intention cannot have effect to its full extent it must have effect as far as possible; and upon section 1580, directing that in case of uncertainty arising upon the face of a will as to application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations.
The important fact to observe at once in the above will is that there is no limitation over to any remainderman. If we assume for the sake of reasoning that paragraph 2, in and of itself, devises to the widow only a life estate, then the question arises: Who takes the fee upon her death? The testator has not indicated who takes it, at any place in the will. He provides definite legacies for his children in paragraphs 3 and 4, but he nowhere, either by inference or otherwise, disposes of the fee upon the death of his wife, if he intended that she have only a life estate. Thus such a construction would result in total intestacy as to the fee title, and a partial intestacy viewed from the date of testator's death. Of two modes of interpreting a will, that is to be preferred which will prevent a total intestacy (section 1588, O. S. 1931), and the same by case law holds true as to a partial intestacy (In re Brown,119 Kan. 402, 239 P. 747).
In the language of section 1584, supra, there is here a clear and distinct devise to the widow in the first sentence of paragraph 2. This devise, by virtue of the same statute, can only be struck down by words equally clear and distinct. To hold that the remainder of the paragraph and the remainder of the will is equally clear and distinct to the effect that he intended her to have only a life estate is logically impossible, for had that been his intention, he would have made some provision as to where the fee-simple title should vest upon her death, — a provision which is simply not in the will and may not even be inferred therefrom, and which inference, even if it were possible, would be strictly forbidden by the terms of section 1584. We are therefore required to adopt the construction of this will which will prevent an intestacy.
Defendants in error cite In re Inheritance Tax on Dale's Estate, 167 Okla. 240, 29 P.2d 88, but in the will involved in that case there were very clear and definite limitations over to the remainderman upon the death of the life tenant, even though the life tenant had a certain power of disposition during his or her lifetime, and the decision held that in view of such fact, plus the fact that the devise to the first taker was in general terms only, the conferred power of disposition did not vest fee simple in the first taker, but only a life estate in that part remaining undisposed of during the lifetime of said first taker. The presence of the "limitation over" provision, in the will, was an important predicate in that decision and was incorporated in the law of the case as announced in the 2d syllabus:
"Where a devise or bequest is in general terms only, expressing neither fee nor life estate, with a subsequentlimitation over of what remains at the taker's death, if there is also given to the taker an express or implied power of disposition which is not absolute, or is limited or restricted in its exercise, the devise is construed to pass a life estate only."
There being no limitation over in the instant will, the familiar principle comes into play that where there is a devise in general terms, coupled with the absolute power of disposition, and there is no limitation *Page 93 
over, the estate is deemed to be in fee. This is in fact the rule specially laid down in section 11879, O. S. 1931, if the power of disposition is not accompanied by any trust. See, also, Watkins v. French, infra; McNutt v. McComb, 61 Kan. 25, 58 P. 965.
The plaintiff in error also complains of the admission of the testimony of witnesses narrating oral declarations of the testator concerning his intention at the time of making the will. This is of course forbidden, and the evidence should not have been admitted. Section 1580, O. S. 1931; Riley v. Collier,111 Okla. 130, 238 P.2d 491; Spaniard v. Tantom,131 Okla. 75, 267 P. 623; In re Revard's Estate, 178 Okla. 524,63 P.2d 973, 975.
The defendants in error cite language from Watkins v. French,149 Okla. 205, 299 P. 900, 76 A. L. R. 1146, as authority for the argument that the rule that when a will once gives a fee-simple title, a subsequent contradictory provision must fail, is not applied in these days when from the words used such rule would go counter to the intention of the testator. But we must remember that the intention of the testator is itself the issue here, and that there is no justification for the assumption that the testator intended to vest a remainderman's interest in the children, regardless of whether he intended to vest his widow with a life estate, on the one hand, or fee-simple, on the other. Even if he in fact had that intention, and unintentionally or inadvertently failed to express it, we are not authorized to supply it unless it appears from the face of the will, which it does not. Accordingly, and in harmony with the settled rules of construction, it is our duty to reverse the judgment and remand the cause, with directions to enter judgment in accordance with the views herein expressed, and it is so ordered.
OSBORN, C. J., BAYLESS, V. C. J., and BUSBY and GIBSON, JJ., concur.