STALLARD, Trustee, v. JOHNSON.

No. 29984.    June 3, 1941.

Rehearing Denied Sept. 23, 1941.

*116 P. 2d 965.*

T. F. Dukes, of Hominy, for plaintiff in error.

Robert L. Hert, of Stillwater, for defendant in error.

PER CURIAM. The power of the courts to control the discretion vested in a trustee of a testamentary trust is the primary issue involved in this appeal. The defendant in error, hereinafter referred to as plaintiff, instituted this action against the plaintiff in error, hereinafter referred to as defendant, to obtain a construction of a provision in a testamentary trust and to compel the defendant as trustee thereof to make a sufficient allowance out of the trust funds to provide for the reasonable care and maintenance of the plaintiff.

The trust, which had been created by the last will and testament of Frederick M. Stallard, deceased, contained the following directions:

"I direct my trustee to expend from time to time so much of the income and of the principal of said trust estate as shall seem meet and proper for the comfort, maintenance and support of my beloved wife, Sadie E. Stallard, and my beloved sister, Ella Stallard Johnson, for and during the period of their natural lives, with full power and authority to sell and dispose of so much of my estate, both real and personal, as is necessary if the income therefrom is not sufficient to properly care, support and provide for my said wife and sister during their lifetime in a manner which my trustee shall deem suitable, said trust to continue as long as either my said wife or sister is living and upon the death of either, said trustee is to continue to operate in the manner and with the same powers as aforesaid described during the lifetime of both, and shall continue to make such payments from the income from said estate, or from the sale of the principal thereof if necessary in order to provide suitably for the comfort, support and maintenance of said survivor during her lifetime."

The defendant took the position that the aforesaid provision was intended to and did give him absolute power and authority to determine how and in what manner maintenance and care of the beneficiaries should be provided. In accordance with the construction which the defendant placed upon said trust provision, he allowed the plaintiff the sum of $15 per month out of the funds of which he was trustee and refused to pay any other expenses, either for board or medical care or drug bills or with which to provide her with clothing or incidental expenses. The plaintiff conceived that it was the purpose of the trust to provide her with all reasonable necessities, including board, lodging, medical and drug bills, and clothing suitable to her condition in life, and that the allowance made her was so inadequate and unreasonable as to amount to an abuse of discretion, and brought this action to compel a proper allowance. The evidence of the plaintiff established, without any serious contradiction, the fact that she was a woman then past 72 years of age and suffering from infirmities of age and a heart condition which required medical attention and the purchase of drugs to alleviate the same; that plaintiff had been compelled to accept a home with a sister, and that the amount which

had been allowed her by the defendant out of the trust funds set up for the benefit of plaintiff and another was wholly inadequate to meet the reasonable and ordinary expenses of plaintiff or to provide her with common necessities of life, and that a reasonable allowance in the exercise of a proper discretion by the trustee would amount to a sum of approximately $75 per month, and that the trust fund which had been provided for the purpose of meeting the needs of plaintiff and the other beneficiary of the trust amounts to the sum of approximately $20,000.

The defendant admitted that he had only allowed the plaintiff the sum of $15 per month, and that he had refused to pay for any medical or drug bills which had been incurred by the plaintiff, but sought to justify this action on the ground that he had been given certain oral instructions by his testator relative to the procedure to be followed in the event the plaintiff should for any reason cease to be an inmate of the household of the testator. The trial court excluded proffered testimony relative to the oral declarations of the testator, and after hearing the evidence found that the defendant had, in effect, abused the discretion which had been confided in him as trustee, and that his action had resulted, in effect, in a defeat of the purposes for which the trust had been created and was arbitrary and unreasonable, and that a reasonable allowance for the necessities of the plaintiff, as contemplated by the trust and the directions given in the instrument to the defendant as trustee, would require the expenditure of approximately $60 per month, and directed the defendant to make such payments to the plaintiff monthly, and in addition thereto to pay the medical and drug bills which she had previously incurred and make an allowance for the board which had been furnished by the sister and to pay to her attorney a fee which the parties had stipulated was a reasonable fee in the premises. Motion for new trial was overruled, and the defendant has perfected this appeal.

The defendant submits four propositions here, which may be thus summarized: (1) It was error to exclude the evidence offered relative to the oral instructions which had been given him by his testator; (2) it was error to admit in evidence the statements of the doctor and druggist who had furnished medical care and drugs to the plaintiff; (3) that the judgment is unsupported by any competent evidence; and (4) that the judgment is contrary to law. The first two propositions require very little discussion. It is well settled that testimony relative to a testator's oral declarations concerning his intentions when he drew his will are not admissible in evidence (In re Shepard's Estate, 180 Okla. 91, 67 P. 2d 954), and it is proper to exclude such evidence when offered. Parks v. Central Life Assu. Soc., 181 Okla. 638, 75 P. 2d 1111; Parks v. Rowsey, 181 Okla. 642, 75 P. 2d 1116. The contention relative to the error in admission of statements of accounts of physician and druggist is likewise untenable, since the purpose of this evidence was not to recover on the accounts but merely to support the claim of the plaintiff that she had not been provided for properly by the defendant in his capacity as trustee, and for this reason the cases cited by the defendant which deal with actions on account have no application.

The decisive issue involved is presented by the third and fourth propositions, supra, and is whether the discretion conferred upon the defendant as trustee was one with which the courts could not interfere and therefore one of which he was the sole judge. In support of the contention that such was the case, we are cited by the defendant to Haydel v. Hurck, 72 Mo. 253; Hichborn v. Bradbury, 111 Me. 519, 90 Atl. 325; Woodruff v. Woodruff, 66 N.Y.S. 936; Biggins v. Lambert, 213 Ill. 625, 73 N. E. 371; Ladd v. Ladd, 74 N.H. 380, 68 Atl. 462; Hawkins v. Hansen, 92 Kan. 73, 139 P. 1022, L.R.A. 1915A, 90; Latourette v. Latourette, 15 Ariz. 200, 137 P. 426; In re Lyon's Estate, 183 Wis. 276, 197 N.W. 710; Ralls

v. Johnson, 200 Ala. 178, 75 So. 926, which cases are authority for the rule that the courts will not lightly interfere with the discretion vested in a testamentary trustee and other citations which incidentally touch upon the suggestion. We have carefully examined the cases thus cited and find that they do not support the interpretation which the defendant seeks to place thereon, and which he would have us apply in the case at bar, that is, that interference with his discretion is not permissible. Such does not seem to be the case in the situations where that issue has been directly presented to the courts. On the contrary, we find that it has been held, where the question has been properly submitted, that the discretion vested in a trustee must be fairly and reasonably exercised, and if not, then the same will be compelled by a court of equity. See Collister v. Fassitt, 163 N.Y. 281, 57 N.E. 490, 79 Am. St. Rep. 586; Colton v. Colton, 127 U.S. 300, 8 S. Ct. 1164, 32 L. Ed. 138. It likewise has been held that the courts in the exercise of their equitable jurisdiction have the power and duty of safeguarding the rights of the cestui que trust and of compelling the performance by the trustee of the duties of his trust. Hull v. Holloway, 58 Conn. 210, 20 Atl. 445.

In the case at bar we have a situation where a trust was created for the express and avowed purpose of providing the plaintiff and another with suitable care and maintenance during their respective lives and a sufficient fund set up with which to accomplish the purposes of the trust; and where an allowance so meagre as to amount to a denial of the purposes of the trust is made manifest, under these circumstances to say that this constituted an exercise of the discretion vested in the defendant as trustee would constitute travesty upon justice and be cause for righteous reproach of the courts. Neither of these conditions can or will be permitted to exist. The findings and judgment of the trial court are not only amply supported by competent evidence, but appear to be reasonable and modest and to have directed the trustee to do merely that which he should have done under the directions given him by his testator.

In view of the conclusions thus reached, we deem it unnecessary to discuss the matter at any further length.

Judgment affirmed.

WELCH, C. J., and RILEY, GIBSON, DAVISON, and ARNOLD, JJ., concur.