294 P.2d 711

Estate of John W. BAUM, also known as J. W. Baum, also known as John Wm. Baum, Deceased.

No. 8422.

Supreme Court of Utah.

March 6, 1956.

8. See 73-3-8, U.C.A.1953, and cases cited in note 3 supra.

George S. Ballif, Provo, for appellant.

Arnold C. Roylance, Springville, for respondent.

CROCKETT, Justice.

John W. Baum died May 8, 1954, leaving as survivors six adult children. His will was admitted to probate without objection. It left substantial bequests to four of his children, but as to two of his sons, George and Oliver, left only $1 each. They petitioned the court to construe the will on the ground that it was ambiguous and sought to introduce extrinsic evidence of the testator's intent. The trial court held that there was no ambiguity, refused the proffered evidence and dismissed their petition. They appeal from that action.

The contention as to ambiguity arises from a claimed conflict in the language of the will in that in Paragraph XI, the testator stated that "It is my desire to treat all of my children alike in the disposition of my property," whereas in Paragraph II he recited that "I have already advanced money and property to my sons, George Baum and Oliver Baum, which is equivalent to their full share in my estate," and in Paragraphs IV and V he made bequests of only $1 to each of them.

Petitioners argue that their father was mistaken in characterizing as "advances" their financial and real estate transactions with him. The evidence they proffered purported to show that these dealings constituted efforts on their part to extricate their father from financial difficulties he had gotten into; that he initiated the transactions with them; and that he received just compensation in connection therewith. From this they reason that for him to erroneously regard the results of such transactions as "advances" to them is inconsistent with the objective stated in Paragraph XI of the will of treating all of his children alike.

Elementary in the law of wills is that the intention of the testator must govern.[1] To arrive at that intention courts must consider the will in its entirety and not merely the particular clauses which are in dispute.[2] This court has recognized that a testator has a right to dispose of his property as he sees fit, and he may disinherit close relatives if he desires, no particular form of disinheritance being necessary to accomplish that objective. All that need appear is that testator intentionally excluded the particular heir.[3]

The reasons assigned by a testator for his action cannot be impeached by showing that he was in error either as to the fact or the amount of advancements. This rule is of venerable origin and uniformly followed. A case bearing directly on this principle is McAlister v. Butterfield[4] wherein the testator's will charged

1. Section 74-2-1, U.C.A.1953; In re Beal's Estate, 117 Utah 189, 214 P.2d 525, 527; Ellerbeck v. Haws, 1 Utah 2d 229, 265 P.2d 404, 407.

2. 57 Am.Jur. 735, Wills Sec. 1137.

3. See In re Bryan's Estate, 82 Utah 390, 25 P.2d 602, 610.

4. 31 Ind. 25; see also 4 Page, Wills (Lifetime Ed.) Sec. 1627, p. 676; 94 A.L.R. 26, at pages 73, 185.

his children with certain sums as having been advanced prior to its execution; extrinsic evidence was held inadmissible to show that the amount he charged to one of the children was erroneous, and that the other had received no advancement whatsoever.

 The rule that extrinsic evidence cannot be resorted to to dispute the testator's recitals is not obviated by section 75–12–9, U.C.A.1953 relied upon by petitioners which provides:

"All questions as to advancements made or alleged to have been made by the decedent to his heirs may be heard and determined by the court, and must be specified in the decree assigning and distributing the estate; and the final judgment or decree of the court is binding on all parties interested in the estate * * *."

That section is purposed to apply when questions exist as to whether money advanced to heirs should properly be considered as advancements against their inheritances or where the will makes reference to advancements and uncertainties exist as to the amount; but it cannot be invoked when the effect of doing so would be to defeat the intent of the testator by contradicting the clear terms of his will.

In the instant case the testator manifested his intention that the transactions in question were to be regarded as advancements and expressed his desire that the petitioners should receive only $1 each. The will being clear and unambiguous leaves no basis for interpretation or variance of its terms. Accordingly the trial court correctly refused to permit the introduction of extrinsic evidence and dismissed the petition.

Affirmed. Costs to respondents.

McDONOUGH, C. J., and HENRIOD, WADE and WORTHEN, JJ., concur.