350 P.2d 614

**Fred R. WALLICH, Appellant,**

**v.**

**A. C. WALLICH, Respondent.**

**No. 9144.**

Supreme Court of Utah.

March 25, 1960.

Victor R. Hansen, Washington, D. C., and Jubal A. E. Hale, Salt Lake City, for appellant.

Mark, Johnson, Schoenhals & Roberts, Salt Lake City, for respondent.

CROCKETT, Chief Justice.

Claudius Wallich died May 23, 1958, in, and a resident of, Salt Lake County. He left an estate in excess of $350,000. In his will he made numerous specific bequests, mostly to nieces and nephews, aggregating something over one-half of his estate and the rest to a nephew, Fred R. Wallich, as trustee for the Wallich family.

Our problem is whether a fund of $10,000, referred to in Paragraph 7 of a codicil to the will goes to another nephew, A. C. Wallich, or to the residuary trust.

"7. I hereby give, devise and bequeath my vacant lot located on Grixdale Avenue in Detroit, Michigan, to A. C. Wallich, said son of my deceased brother, Charles J. Wallich, to be his own separate property. I further hereby give, devise and bequeath to the said A. C. Wallich and the said Fred R. Wallich, the property owned by me located at 9271 Petosky, Detroit, Michigan, and an additional sum of $10,000.00 cash, to be held by them in trust, they to use and dispose of said real property and money in such manner as they may jointly determine, for the use, benefit, comfort and well being of my said sister, Wilhelmina Wallich during her lifetime, and upon her death, if any part of said monies or if said property still remains in the trust, then the said A. C. Wallich shall have such remainder of said property held in trust as aforesaid, as his sole separate property, free of the trust herein imposed. * * *"

The real estate on Petosky Street was during the testator's lifetime transferred to A. C. Wallich. The latter sold it for the sum of $3,500, which was disbursed for the

benefit of Wilhelmina and another sister of Claudius. Thus we are concerned only with the bequest of $10,000 cash. The difficulty concerning it arises because Wilhelmina did not outlive Claudius as he expected, but died two years before he did, and he had made no provision in his will expressly covering such a turn of events.

The probate court distributed the estate in accordance with the terms of the will, except that upon stipulation of the interested parties, $15,000 was retained to abide interpretation of said Paragraph 7 and that matter was referred to the trial division. It ruled in favor of A. C. Wallich, from which ruling the residuary trustee, Fred R. Wallich, appeals.

Appellant's position is that Paragraph 7 quoted above indicates that the testator's primary purpose was to provide for his sister, Wilhelmina; and that only in the event the specified conditions were fulfilled, that is, that Wilhelmina survive him and be provided for, did he intend that any remainder should go to A. C. Wallich. He urges that inasmuch as the trust never came into being, the contingency provided for by the language, " * * * if any part of said monies or said properties still remains in the trust, then the said A. C. Wallich shall have the remainder. * * *" was never fulfilled. This argument is not without some plausibility. However, there are several considerations which support the contrary view adopted by the trial court.

It is to be kept in mind that the cardinal rule of the interpretation of wills is to look to the language of the will to determine the purpose and intent of the testator.[1] And when unforeseen circumstances have arisen, it is both the prerogative and the duty of the court and those executing the will to look to it and to the overall picture to determine what the testator's intent and purpose would have been if his mind had adverted to the circumstance which did eventuate, and to carry out his desire if it can thus be determined.

There is no particular reason to suppose that Claudius intended the remainder of this fund to be compensation for duties to be performed under the trust. Both nephews were to act as trustees, and the remainder was given only to A. C. Wallich. And the concluding language of the clause, that he was to have such remainder, "as his sole separate property, free of the trust herein imposed" seems to be in accord with the thought that the testator did not have one primary purpose with a second contingent upon it, but actually intended two purposes: that is, to make the money (and property) available to see that Wilhelmina was not in want during her lifetime, and when that purpose was accomplished, such

1. Sec. 74-2-2, U.C.A.1953.

of this money or property as was left should go to A. C. Wallich. This conclusion is in no way inconsistent with the terms of the will, but on the contrary, is a reasonable deduction as to the testator's purpose as indicated therein.

Support of the above conclusion and of the judgment below is found in our anti-lapse statute, Section 74–2–28, U.C.A.1953:

> "The death of a devisee or legatee of a limited interest before the testator's death does not defeat the interest of persons in remainder who survive the testator."

Applying that statute to these facts: Wilhelmina was a legatee having a limited interest. Therefore her death before the testator did not defeat the interest of A. C. Wallich, who had the remainder.[2] The statute applies unless the provision of the will clearly indicates an intention to the contrary. As hereinabove explained, no such clear intent is manifest here. It is to be presumed that the will was drawn with knowledge of that statute and the effect it would have upon it.[3]

Affirmed. Costs to respondent.

WADE, HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

2. See In re Lawrence's Estate, 17 Cal. 2d 1, 108 P.2d 893; 133 A.L.R. 1367; 57 Am.Jur. 960.

3. In re Everett's Estate, 238 Iowa 564, 28 N.W.2d 21; In re Estate of Carroll, 138 Cal.App.2d 363, 291 P.2d 976; see 96 C.J.S. Wills § 1217, p. 1057.