420 P.2d 40

In the Matter of the ESTATE of Claudius
WALLICH, Deceased.

Fred R. WALLICH, Appellant,

v.

A. C. WALLICH et al., Respondents.

No. 10569.

Supreme Court of Utah.

Nov. 15, 1966.

Skeen, Worsley, Snow & Christensen, Joseph J. Palmer, Salt Lake City, John L. Mace, Los Angeles, Cal., for appellant.

Mark & Schoenhals, E. L. Schoenhals, Salt Lake City, for respondents.

CROCKETT, Justice:

Petitioner, Fred R. Wallich, seeks to reverse a decree of the district court requiring him to account as trustee under the will of his uncle, Claudius Wallich, and to distribute the remainder of the estate to the beneficiaries, viz., himself, the respondents and other heirs at law of Claudius Wallich.[1]

Claudius Wallich died on May 23, 1958, a resident of Salt Lake County, leaving a gross estate of around $300,000. After deduction of specific bequests, taxes and other expenses, there remained about $150,000 with which this suit is concerned.

It is the appellant's contention that under the terms of the will and the decree of distribution in the estate made February 24, 1959, the effect was to give him the residue of the estate outright, and that he had no duty whatsoever to render any accounting to the respondents or to the court.

The portions of the decree of distribution and the will pertinent to that issue are these:

Paragraph six of the decree states:

> \* \* \* all the rest, residue and remainder of the property \* \* \* *is here-*

---

1. Prior appeal relating to this will, see Wallich v. Wallich, 10 Utah 2d 192, 350 P.2d 614.

*by distributed to Fred R. Wallich, to be held and used by him in his discretion in accordance with and pursuant to the provisions of paragraph 8 of the Will of the deceased.*

Paragraph eight of the will provided:

*All the rest, residue and remainder of my estate, * * * I hereby give, devise and bequeath to my said nephew, Fred R. Wallich, * * * in trust, nevertheless, to be held and used by him in his sole and absolute discretion,* and without restriction or control of any kind whatsoever, together with the income therefrom, if any, *as a reserve to meet any emergencies that may arise in,* and *for the use and benefit of, the Wallich family,* that is, my blood relations, regardless of their degree of kindred or relationship to me; said fund, and the income therefrom, to be held and used by my said nephew until his death or for a period of five (5) years after the date of my death, whichever shall first occur, and upon the occurrence of such event, my said nephew, or in the event of his death prior to five (5) years after my death, then his wife, Loretta Wallich, who shall act as *successor Trustee* without bond, shall distribute any part of the Trust fund that may be then on hand, to my heirs at law then living, upon the principle of representation. My said nephew *in the administration of the trust herein imposed upon him* shall act without the necessity of furnishing any bond or any other security, and *without the necessity of making any accounting of any nature whatsoever to any person or party* concerning the administration of his trust.

In arguing that the provision in the decree of distribution quoted above invested him with the residue of the estate absolutely and without restriction, appellant cites our recent decision in Miller v. Walker [2] wherein we stated that distribution of property "in accordance with the will" merely recited the basis for making the distribution and did not impose any restrictions upon it. That case is quite different from this one. It could hardly be more obvious that the distribution of the property *"to be held and used by him* [appellant] in his discretion *in accordance with and pursuant to the provisions of paragraph 8 of the Will"* necessitates looking to the will to determine how the property is to be held and used; and that it thus incorporates and imposes the conditions of the will on the use of the property.[3]

2. Miller v. Walker Bank and Trust Co., 17 Utah 2d 88, 404 P.2d 675.

3. For cases holding that substantially similar language of a decree of distribution incorporated provisions of a will, see In re Lockhart's Estate, 21 Cal.App.2d 574, 69 P.2d 1001; Horton v. Winbigler, 175 Cal. 144, 166 P. 423; Clark v. Capital National Bank of Sacramento, 91 Cal. App.2d 865, 206 P.2d 16.

Appellant essays this further proposition: If paragraph eight of the will be regarded as incorporated by the decree, nevertheless, no trust is created because he was given sole and absolute discretion, which shows that the testator did not intend to impose any enforceable duties upon him. He urges that this conclusion also finds support in the vagueness of the terms used, i. e., the words, "reserve" for "emergencies" in the "family," lack sufficient precision in meaning to establish trust responsibility.[4]

█ If the terms appellant singles out could be taken out of context and looked at separately, they might indeed be used to make some plausible argument for his position. But both common sense and the rules of construction forbid any such segregation of the language of the will. The paramount objective in interpreting a will is to give effect to the intent and desire of the testator insofar as that can be ascertained. For that purpose it should be read and understood as a whole, and meaning given to all of its provisions considered in their relationship to each other.

█ If we turn attention to paragraph eight of the will with that object in mind, this proposition is confronted: If Claudius Wallich had been concerned only with the welfare of his nephew, Fred, and had intended that he should have the residue of the estate entirely for himself, he could have achieved that result by simply saying so in direct language. But he did not do this. It appears quite unmistakably that he had an interest in the welfare of his family beyond a mere concern for Fred. That he intended Fred to hold and use the residue of his estate for any emergency that might arise in the family for a period of five years and then distribute it to the family, is shown not only in the statement of that plan, but in the fact that the terms used manifest complete awareness of the nature and purpose of a trust. E. g., the property is bequeathed to appellant but "in trust, nevertheless," to be held for the "use and benefit of" the Wallich family. It also provides for a "successor trustee" who shall distribute any part of the "trust fund"; and that both Fred "in the administration of the trust here imposed upon him" and the "successor trustee" shall act without bond.

██ Nor do we believe that the terms appellant complains about as being vague are so indefinite as to circumvent the testator's expressed desire. In the context used we see no difficulty in understanding what is meant by the terms "reserve" or the Wallich "family." Particularly so when the latter is further defined as "my blood relations, regardless of their degree of relationship to me." The word "emergencies," like a great

---

4. In re Rowland's Estate, 73 Ariz. 337, 241 P.2d 781; Newhall v. McGill, 69 Ariz. 259, 212 P.2d 764; Ponzelino v. Ponzelino, 238 Iowa 201, 26 N.W.2d 330; Axtell v. Coons, 82 Fla. 158, 89 So. 419; Restatement (Second), Trusts § 125.

many words, represents a concept of thought which has some variation. This ranges from situations that fall within the central core of the meaning and upon which everyone would agree, to doubtful ones on the outer fringes upon which there could be disagreement. The fact that such doubtful conditions can be conjured up does not destroy the usefulness of the term in covering circumstances where the term "emergency" would clearly be applicable.

It undoubtedly was from an awareness of the inefficacy of words to convey meanings within precise boundaries that the testator gave appellant a wide discretion. However, a reading of paragraph eight of the will hereinabove quoted, shows plainly that it was with respect to the terms just discussed that the appellant was intended to have such discretion during the five-year period he was to act as trustee, and not as to whether he should carry out the testator's plan and thereafter distribute whatever remained of the estate to the heirs. It is our opinion that this plan, with which the testator entrusted appellant, is set forth with sufficient clarity that any well-intentioned person desiring to do so would have no difficulty in understanding it and carrying it out. The reasonable assumption is that discretion vested in a trustee should be exercised honestly, fairly and reasonably to accomplish the stated purpose of the trust, and not in an arbitrary and negative manner to defeat it.[5]

Bearing on the correctness of the conclusion just stated is the fact that the appellant himself appears to have believed that a trust was created. He filed various documents in the probate proceeding so indicating. Upon his appointment he signed and filed in court a statement acknowledging receipt from the executor of the property designating himself as, " * * * trustee u/w Claudius Wallich, deceased under the provisions of * * * [the decree of distribution] * * * to hold, administer and dispose of same as *testamentary trustee* and pursuant to the provisions of Paragraph 8 * * *." In dealing with the trust res he petitioned the court to have certain stock, which was part of the trust property, issued to him as "trustee" rather than "trustee u/w Claudius Wallich, deceased," so that the stock would be negotiable and he could thereby carry out the purposes of the will; and in this proceeding he petitioned for discharge as "testamentary trustee."

The final point we direct attention to is appellant's insistence that even as a trustee he could not be required to render an accounting, either to the respondents or to the court, because of the provision in the will that "in the administration of the trust herein imposed upon him," he shall act

---

5. Crow v. Strome, 214 Or. 158, 327 P.2d 414; Stallard v. Johnson, 189 Okl. 376, 116 P.2d 965; Restatement Trusts (Second), § 187.

"without the necessity of making any accounting to any person or party." This is a specious argument which puts the appellant in an untenable position: He has sought the aid of the court in probating the will and obtaining the property, and is asking protection in holding it; yet he protests that the court has no jurisdiction over him to determine the honesty and propriety of his dealings in connection with the trust through which the court approved his receiving it.

Courts do not look with favor upon attempts to oust them of jurisdiction or to prevent them from fulfilling their responsibility of safeguarding the rights of everyone concerned; and they will not give assistance to anyone in attempting to defeat that objective.[6] A provision in a document which would have the effect of preventing one from being required to account in circumstances where he could take property which rightfully belongs to another is inconsistent with that purpose. It is therefore against public policy and will not be enforced.[7]

For the reasons stated in this opinion the order of the district court is affirmed. Costs to respondents. (All emphasis added.)

HENRIOD, C. J., and McDONOUGH, CALLISTER and TUCKETT, JJ., concur.

---

6. As to the necessity of access to the courts, see discussion in Barnhart v. Civil Service Employees Insurance Co., 16 Utah 2d 223, 398 P.2d 873.

7. See Wood v. Honeyman, 178 Or. 484, 169 P.2d 131, 171 A.L.R. 587; Annot. 171 A.L.R. 631; Ferguson v. Mueller, 115 Colo. 139, 169 P.2d 610. See Bogert, Trusts, Sec. 972.