In the Matter of the ESTATE of Annie B. GARDNER, aka Annie Butler Gardner, Deceased.

No. 16418.

Supreme Court of Utah.

July 17, 1980.

Sumner J. Hatch, Salt Lake City, for appellant.

H. Ralph Klemm, Salt Lake City, for respondent.

MAUGHAN, Justice:

The two daughters of testatrix appeal the construction of their mother's will by the trial court. The respondent is a grandchild of testatrix, he represents himself and his five siblings, who are the surviving children of the deceased son of the testatrix. Under the ruling of the trial court, these six grandchildren, although specifically disinherited under the terms of the will, would share in the estate of their grandmother in accordance with the law of intestate succession. This case is reversed and remanded. All references are to Utah Code Annotated, 1953, as amended.

The following constitutes the olographic will:

"Salt Lake City, Utah
March 11, 1972

"To Whom it may concern:

"It is my intent that this be my will. My name is Annie Butler Gardner. I am married to Wilford W. Gardner. We had three children, Tess Gardner Sorensen, Wilford Butler Gardner and Gloria Gardner Fenton. Wilford our son has already passed away. My husband and I have already made many gifts to Wilford's widow and his six children since Wilford's death so I am intentionally omitting them in this will because they have already been provided for. Also I am intentionally omitting the children of our daughter Tess and also of our daughter Gloria, because it is my intent to leave whatever I am going to leave to our daughters Tess and Gloria and let them take care of their children.

"In the event my husband precedes me in death I leave all I posess (sic) to our daughters Tess Sorensen and Gloria Fenton, to be evenly divided between them, and their children shall take over their mothers share if either Tess or Gloria have passed on.

"I direct that our son-in-law Pat Fenton shall be executor of my estate and serve without bond. If he has passed on then our daughters Tess Sorensen and Gloria Fenton or the survivors thereof be executor and serve without bond.

"This will revokes all former wills.
"*I love all of you.*

"Your wife and mother
Annie Butler Gardner
"1455 Harvard Ave.
Salt Lake City—Utah"

The husband of testatrix did not precede her in death; he died two years later. The record does not indicate he made any claim to her estate. The trial court ruled that it appeared from the language of the will the testatrix intended to impose a condition

precedent on all of the bequests and devises provided therein. Since the condition precedent had not been fulfilled, and the will failed to make any other disposition of the property, the disposition of the entire estate by will was determined to have failed. The trial court ordered the entire estate to be distributed in accordance with the laws of intestate succession.

Testatrix died on March 28, 1976, prior to the effective date of the Utah Uniform Probate Code (Sec. 75–8–101); therefore, in the interpretation of this will Title 74, Chapter 2 is controlling.

Appellants contend the intent of the testatrix is clear and unambiguous, and disposition should be in accordance with this intent, viz., that testatrix intended to leave all her property to her daughters, Gloria and Tess. Respondent's claim is predicated on the basis that the sole clause providing for any disposition of the estate is contained in the second paragraph, which is qualified by a condition precedent which can never be fulfilled. Thus, the entire disposition of the estate was contingent on the event that the husband of testatrix preceded her in death.[1]

■ In the interpretation of wills the intention of the testator must govern.[2] To determine the intention and purpose of the testator, the courts must consider the will in its entirety and not merely the particular clauses which are in dispute.[3]

In this case, the testatrix without equivocation, declared it was her intent that this document was her will. She listed the objects of her bounty, including her husband, children and grandchildren. She then set forth a testamentary plan outlining the disposition of all her property and specifically disinheriting the children of her deceased son. She failed to make any disposition in favor of her husband, and specified it was her intent to leave whatever she was going to leave to her daughters, Tess and Gloria. All of the foregoing provisions were contained in the first paragraph of the will and were sufficient to constitute a testamentary disposition of the testatrix's property.[4] Thus, the claim of the respondents is erroneous, viz., that only the second paragraph provides for any disposition of the property of testatrix.

Does the second paragraph, when construed in conjunction with the first paragraph, make the entire disposition contingent on the husband of testatrix preceding her in death, or may it be interpreted as an awkward attempt to anticipate the contingency that she might by survivorship of her husband acquire additional property, which she intended also to be "left" to her daughters?

Section 74–2–10, provides:

"Of two modes of interpreting a will, that is to be preferred which will prevent a total intestacy."

■ Based on the presumption against intestacy, the courts will adopt any reasonable construction to avoid a conclusion of intestacy. Thus, to render a will conditional or contingent its language must clearly show it was the intention of the testator to make a will which would operate only during a certain period or until a certain emer-

---

1. In a prior appeal, this court ruled this will should be admitted to probate, Utah, 561 P.2d 1079 (1977).

2. Sec. 74–2–1.

3. Sec. 74–2–2; *In re Baum's Estate*, 4 Utah 2d 375, 377, 294 P.2d 711 (1956); *Wallich v. Wallich*, 10 Utah 2d 192, 194, 350 P.2d 614 (1960); *Auerbach v. Samuels*, 9 Utah 2d 261, 266, 342 P.2d 879 (1959).

4. See *In re Ingram's Estate*, 6 Utah 2d 149, 307 P.2d 903 (1957), wherein this court ruled the phrase "whatever is left I want you to divide equill" in combination with a designation by the testator of those whom he intended to share in his bounty and those whom he intended to disinherit, constituted a crude but nonetheless genuine expression of testamentary character.

gency has passed.[5] It has been observed that the overall trend has been in the direction of absoluteness rather than conditionality with increasing weight apparently being given to the presumption against intestacy.[6]

■ Significantly, the testatrix did not make any alternative disposition of her property if the asserted condition precedent of the second paragraph was not fulfilled. Since she devised nothing to her husband, his death had no significant impact on her overall testamentary disposition.

> "The fact that the testator made no express provision for forfeiture or gift over upon failure of the condition tends to show that he did not mean to impose a condition." [7]

This will, considered as a whole, shows a manifest intention of the testatrix to make an absolute will disposing of all of her property. While it may be inexpertly drawn, it is sufficiently clear that she did not intend to die intestate, if her husband did not precede her in death. If a literal interpretation of the second paragraph could be deemed to create an inconsistency with the plain intent of the testatrix as unmistakably revealed in the remainder of the will, then those words should be disregarded.[8] Furthermore, testatrix clearly specified her intent and purpose to disinherit her six grandchildren, who were the children of her deceased son. It would be totally inconsistent with this avowed objective to construe her will as showing an intent to die intestate if the condition precedent failed and thus the grandchildren would inherit under the laws of intestate succession.[9] Such a construction would produce an absurd result, clearly contrary to the intention of the testatrix as it is ascertained from the four corners of the will.

Testatrix clearly intended her two daughters, Tess and Gloria, to be the distributees of all her property. This case is reversed and remanded to the trial court with directions to proceed with the probate of the estate in accordance with this opinion.

CROCKETT, C. J., and WILKINS and HALL, JJ., concur.

STEWART, J., dissents.

---

5. *In re Trager's Estate*, 413 Ill. 364, 108 N.E.2d 908, 910 (1952).

6. 1 A.L.R.3d 1048, Anno: Determination Whether Will Is Absolute Or Conditional, Sec. 3, p. 1052; also see 1 Page On Wills (Bowe-Parker Revision) Sec. 9.8, p. 428.

7. 5 Page On Wills (Bowe-Parker Revision) Sec. 44.2, p. 400.

8. *Brasser v. Hutchison*, 37 Colo.App. 528, 549 P.2d 801, 803 (1976).

9. See 4 Page On Wills (Bowe-Parker Revision) Sec. 30.17, p. 115, wherein it is stated: "If testator does not dispose of the whole of his estate by his last will and testament, and such will contains negative words of exclusion, the great majority of states hold that such negative words cannot prevent property from passing under the statutes of descent and distribution. . . . ."