In the Matter of the ESTATE OF Cilma Wheeler LARSEN, Deceased.

**Appeal of Marsha Mann PASKETT.**

**No. 17523.**

Supreme Court of Utah.

June 10, 1982.

---

Mark S. Miner, Salt Lake City, Everett E. Dahl, Midvale, for appellant.

LeGrand Backman (Zions Bank), Salt Lake City, for respondent.

HALL, Chief Justice:

Marsha Mann Paskett, a contingent legatee under the will of the decedent, challenges the probate court's interpretation of the will. The court's order would distribute one-third of a trust estate established by the will to appellant, whereas appellant contends that a correct interpretation of the will would entitle her to an additional one-twelfth interest in the trust estate.

The decedent died in 1971. By the terms of her will, she directed that the residue of her estate go to a named trustee, to be held for a period of ten years for the benefit of her daughter, Dixie, and her son, William. At the end of the ten years, Dixie was to receive two-thirds of the trust estate, and William was to receive one-third, subject to certain named conditions. The fact that neither Dixie nor William survived the ten-year period gives rise to the present controversy.

The provisions of the will requiring interpretation are those set forth in paragraph 5 of the second codicil, which reads as follows:

> 5. *In the event of the death of Dixie Larsen prior to receiving her share of said estate either under the bequest or as beneficiary of said trust, I hereby give and devise and bequeath the share of said estate to which the said Dixie Larsen would be entitled if living to any surviving issue and if no surviving issue, one-half to my friend Marsha Mann Paskett and one-half to the issue of the brothers and sisters per stirpes of the brothers and sisters [sic] of my late husband, William Richard Larsen. In the event of the death of William Richard Larsen Jr. prior to receiving his share of said estate either under the bequest or as beneficiary of said trust, I hereby give and devise and bequeath the share of said estate to which the said William Richard Larsen Jr. would be entitled if living to any surviving issue and if no surviving issue, one half to my daughter Dixie Larsen and one-half to the issue of the brothers and sisters per stirpes of the brothers and sisters [sic] of my late husband, William Richard Larsen. [Emphasis added.]*

Dixie died two months following her mother's death in 1971. At that time, William claimed that since Dixie had survived her mother, her interest in the estate thus became vested, that said interest should therefore be distributed to Dixie's estate for ultimate distribution to him as her sole heir, and that the trust provisions of the will were no longer operative. The district court ruled otherwise, and on appeal, this Court affirmed,[1] interpreting the first clause of paragraph 5 of the will, *supra*, and holding that the decedent intended the trust corpus to be held and not to become vested for ten years, and that as Dixie did not survive to the termination of the trust, the bequests to Marsha Mann Paskett and the relatives of decedent's husband disposed of the estate. The Court reasoned that:

> ... the phrase "prior to receiving her share of the estate" means prior to her coming into actual possession of the property so held by the trustee.

William died in 1978, also before the end of the ten-year period, naming certain cousins as his heirs and beneficiaries under his will. Thereupon, the trustee sought a further interpretation of his mother's will, resulting in the order presently appealed from, which distributes one-half of William's share of the trust to Dixie's estate, to thereafter be distributed in accordance with her will to William's estate, and thus under William's will to his designated beneficiaries.

It was appellant's contention at trial, and also here on appeal, that she acquired a portion of William's one-third share, in addition to a portion of Dixie's two-thirds share of the trust estate. She bases her claim on the provision in the will, *supra*, which states that if William were not living at the time of distribution, Dixie should receive one-half of William's one-third share as well as her own two-thirds share. She reasons that under the terms of the trust, she is now entitled to not only her one-half of Dixie's own two-thirds share, but also to one-half of the one-half of William's one-third share which would have passed to Dixie if she, and not William, had been living at the time of distribution. On the basis of that reasoning, appellant asserts her claim for five-twelfths of the total trust estate.

Respondent, the personal representative of William's estate, contests appellant's in-

1. *Larsen v. Paskett*, 29 Utah 2d 360, 510 P.2d 520 (1973).

terpretation of the codicil, arguing that the probate court properly allocated the portion of William's one-third share which would have passed to Dixie if she had survived him to Dixie's estate rather than treating it in the same manner as Dixie's original share under the trust.

Appellant further contends that the judgment of the trial court is at odds with the prior decision of this Court which held that there could be no vesting in the primary beneficiaries prior to the expiration of the ten-year term of the trust.[2] We agree.

Inasmuch as Dixie died during the ten-year term of the trust, her survivorship condition can never be met. Consequently, Dixie's personal share as well as her contingent beneficiary interest in one-half of William's share of the trust estate can never become vested. Therefore, it was error for the trial court to conclude that Dixie's *estate* now has any interest in the trust estate.

How then should the one-sixth interest in question be distributed? It appears that the decedent indicated her intent in the first sentence of paragraph 5 of her codicil, *supra,* where she provided, "In the event of the death of Dixie Larsen prior to receiving her share of the estate, either under the bequest *or as a beneficiary of said trust,* I hereby give and devise and bequeath *the share of said estate to which the said Dixie Larsen would be entitled if living"* to her surviving issue, if any, and if none, one-half to Marsha Mann Paskett and one-half to the issue of the brothers and sisters of her late husband.

The paramount objective in interpreting a will or codicil is to carry out the intent of the testator.[3] Consistent with that objective, we deem the language used by the decedent in this case to be sufficiently broad to cover *all* interests Dixie might have in the trust, including her interest as a contingent beneficiary of one-half of William's interest.

Reversed and remanded for further proceedings consistent with this opinion. No costs awarded.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.

---

**2.** *Id.*

**3.** *Estate of Gardner,* Utah, 615 P.2d 1215 (1980); *Wright v. Wright,* Utah, 520 P.2d 563 (1974); *Larsen v. Paskett, supra,* footnote 1; *Estate of Wallich,* 18 Utah 2d 240, 420 P.2d 40 (1966).