**In the Matter of the ESTATE of Annie B. GARDNER, also known as Annie Butler Gardner, Deceased.**

**Gloria G. FENTON, Appellant,**

v.

**Gaylord S. GARDNER, Respondent.**

**No. 14729.**

Supreme Court of Utah.

March 18, 1977.

---

Patrick H. Fenton, Cedar City, for appellant.

H. Ralph Klemm, Salt Lake City, for respondent.

ELLETT, Chief Justice:

Annie B. Gardner executed an olographic will in due and proper form on March 11, 1972. In the will she provided that:

> In the event my husband precedes me in death, I leave all I possess to our daughters, Tess Sorensen and Gloria Fenton to be evenly divided between them and their children shall take over their mother's share if either Tess or Gloria have passed on. I direct that our son-in-law, Pat Fenton shall be executor of my estate and serve without bond . . ..

Annie's husband survived her and since the bequest and/or devise to the two daughters was conditioned upon the husband's prior death, the estate is not disposed of by will. The trial court was of the opinion that the will could not be admitted to probate for the reason that it did not dispose of any property and, therefore, denied probate thereof.

Other provisions of the will provided that certain children and heirs of them receive nothing because they already had been provided for by gifts during Mrs. Gardner's lifetime. The will also provided: "This will revokes all former wills."

The trial court was in error in refusing to admit the will to probate. The files and records show that the Clerk of the Court has in its safekeeping a prior will of the decedent dated October 15, 1968. The will before the court revoked that prior will and any other prior wills which might subsequently be presented to the court. It disinherited certain heirs of her deceased son. It also appointed her son-in-law as executor and directed that he serve without bond. All of these matters are provided for in the present will. The fact that her estate will be distributed to others than the two daughters does not make the will invalid or give any basis for refusing probate.

The order of the trial court is reversed and the matter remanded with directions to admit the will to probate upon proof of its authenticity. Costs are awarded to the appellant.

CROCKETT, WILKINS, MAUGHAN and HALL, JJ., concur.